UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 SEP -8 PM 4: 26

CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MPHJ TECHNOLOGY INVESTMENTS, LLC, inclusive of its subsidiaries,<br>Plaintiff | ) ) ) | |
| v. | ) ) | Docket No. _2: 14·cv·191_ |
| WILLIAM H. SORRELL, in his official capacity as Attorney General of the State of Vermont, and BRIDGET C. ASAY, in her official capacity as Assistant Attorney General of the State of Vermont,<br>Defendants | ) ) ) ) ) ) | |

## COMPLAINT

Plaintiff MPHJ Technology Investments, LLC, on behalf of itself and its subsidiaries

(hereinafter "MPHJ" or "Plaintiff"), by way of this Complaint against Defendants William H.

Sorrell, in his official capacity as Attorney General of the State of Vermont and Bridget C. Asay,

in her official capacity as Assistant Attorney General of the State of Vermont (collectively

"Defendants") states and alleges as follows:

### Parties

1.      Plaintiff MPHJ Technology Investments, LLC is a limited liability company

organized under the laws of Delaware with a registered agent for service at 1013 Centre Road,

Suite 403S, Wilmington, DE 19805.  MPHJ also has operations in Texas at 166 S. Belknap,

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

Stephenville, Texas 76401.  This suit is brought by MPHJ Technology Investments, LLC on behalf of itself and its subsidiaries (collectively and/or individually, "MPHJ").

2.      Upon information and belief, Defendant William H. Sorrell ("Defendant Sorrell") is the Attorney General for the State of Vermont and in his official capacity has a place of business at 109 State Street, Montpelier, Vermont 05609, and may be served at that address.

3.      Upon information and belief, Defendant Bridget C. Asay ("Defendant Assay") is the Assistant Attorney General for the State of Vermont and in her official capacity has a place of business at 109 State Street, Montpelier, Vermont 05609, and may be served at that address.

4.      Defendants Sorrell and Asay will be referred to herein as the AG Defendants as appropriate, which reference shall be understood to refer to them collectively or individually as supported by the context of any particular statement or allegation.

## Nature of the Case

5.      In the present case, MPHJ is a patent owner who has attempted to send letters inquiring about infringement of its patents to companies in Vermont reasonably suspected of infringing its patents.  As this Court and other Courts have held, this activity is protected under the First Amendment unless a challenger both pleads and proves that the conduct was objectively baseless on the merits of validity and infringement.   In the present case, the AG Defendants have persisted, and continue to persist, in depriving MPHJ of its First Amendment rights, at least in part by subjecting MPHJ to threats of fines and sanctions, and to needless litigation expense, because the AG Defendants disfavor the First Amendment rights in which MPHJ is engaged, and discriminate against MPHJ as being a class of patent owners disfavored by the AG Defendants, a class distinction not recognized by federal patent law.


gravel &
shea   ATTORNEYS AT LAW
'6 St. Paul Street
?ost Office Box 369
3urlington, Vermont 05402-0369
PROFESSIONAL CORPORATION

- 2 -

6.     MPHJ's First Amendment rights in these circumstances are based on well-settled law.

7.     MPHJ's First Amendment rights with respect to its specific conduct accused by the AG Defendants, and in view of the specific allegations that have been made by the AG Defendants, have been expressly and specifically upheld and confirmed by the federal courts.

8.     MPHJ is forced to bring this action to secure its First Amendment rights, and to secure relief from the unlawful acts of the AG Defendants who seek to chill, or impair, MPHJ's exercise of its rights.

9.     A quick and early resolution of this matter is in the interests of justice, and in the interest of the taxpayers of Vermont, as MPHJ will be entitled to payment of its fees and costs it has incurred in connection with this matter, as has already been upheld and awarded by the U.S. District Court of Nebraska in a similar action by the Attorney General of Nebraska.

Jurisdiction and Venue

10.     This Complaint comprises an action and claims arising under the patent laws of the United States, Title 35, U.S. Code, because it necessarily requires resolution of federal issues of patent law, and under 28 U.S.C. § 2201, and the First, Fifth and Fourteenth Amendments and Art. VI, Cl. 2 ("the Supremacy clause"), and Art. I, Sec. 8, Cl. 8 ("the Patent clause") of the U. S. Constitution, for: (1) declaratory judgment that the Vermont Bad Faith Assertions of Patent Infringement Act, 9 V.S.A. §§4195-4199 (referred to herein for convenience as "the Vermont Patent Assertions Act"), is invalid, on its face and as applied, and further is preempted; (2) declaratory judgment that the Vermont Consumer Protection Act, 9 V.S.A. § 2451 *et seq*. (Chap. 63) (referred to herein for convenience as "the VCPA" or "the Vermont CPA"), as applied, is invalid or preempted; (3) declaratory judgment that Plaintiff MPHJ has not violated the VCPA at


gravel &
shea    ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

least in part because the relevant conduct of MPHJ, as further described below, did not constitute

activity where it was objectively baseless as to either infringement or validity of the subject

patents in accordance with Title 35 of the U.S. Code; and (4) claims an action for relief under 42

U.S.C. §§ 1983 & 1988, the First, Fifth and Fourteenth Amendments to the U.S. Constitution,

and the Supremacy clause seeking remedy for violations of Plaintiff MPHJ's constitutional rights

and rights under federal law.

11.     This Court has subject matter jurisdiction over this Complaint under at least 28

U.S.C. §§ 1331, 1332, 1338(a), 1338(b), 1343, 1367; and 28 U.S.C. § 2201.

12.     Jurisdiction over any appeal related to this matter shall lie in the U.S. Court of

Appeals for the Federal Circuit, under at least 28 U.S.C. §§ 1295(a)(1) and 1292(c).

13.     Plaintiff MPHJ has standing to bring this Complaint because it has been, and

continues to be, adversely affected by the actions of the AG Defendants which, as set forth in

more detail herein, have served, under color of statutes of Vermont, to subject MPHJ to

deprivation of its rights, privileges, or immunities secured by the U.S. Constitution and laws of

the United States; and have served to establish a case or controversy over whether certain

conduct of MPHJ may be asserted to violate the VCPA because the allegations made with

respect to MPHJ fail to meet the prerequisites for asserting state law against MPHJ's patent

enforcement activity, and separately because the VCPA is invalid or preempted under the U.S.

Constitution and Title 35 of the U.S. Code; and have served to establish a case or controversy

over whether subjecting MPHJ to an injunction requiring compliance with the Vermont Patent

Assertions Act violates MPHJ rights under the U.S. Constitution and the laws of the United

States, at least in part because that Act is invalid or preempted on its face under the U.S.

Constitution and the laws of the United States, and invalid or preempted as applied; and has


gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 4 -

served to unlawfully and unconstitutionally chill MPHJ's exercise of its rights under at least the First and Fourteenth Amendments of the U.S. Constitution.

14.     The claims presented by the Complaint are ripe for adjudication because Plaintiff MPHJ has been, is presently, and will in the future be adversely affected by actions of the AG Defendants, inclusive of suffering from the "chilling effect" of those actions upon MPHJ's exercise of its rights under the First and Fourteenth Amendments.

15.     This Court has personal jurisdiction over Defendants Sorrell and Asay at least because, on information and belief, these Defendants respectively in their official capacities have ongoing and systematic contacts with this District, have and maintain offices in this District, reside in this District, and have committed wrongful acts which both occurred within this District, and which have had an impact or effect in this District.

16.     Venue is proper in this District under 28 U.S.C. §§ 1400(b), 1391(b), and 1391(c). Venue as to Defendants Sorrell and Asay and is proper on the basis of the allegations provided in the preceding paragraphs.

Facts

17.     Plaintiff repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

**The Relevant Patents**

18.     On July 26, 2011, United States Patent No. 7,986,426 ("the '426 Patent") entitled "Distributed Computer Architecture and Process for Document Management" was duly and legally issued by the United States Patent and Trademark Office, identifying Laurence C. Klein as the inventor.  A true and correct copy of the '426 Patent is attached as Exhibit A-1 to this Complaint.


gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 5 -

19.     On January 13, 2009, United States Patent No. 7,477,410 ("the '410 Patent") entitled "Distributed Computer Architecture and Process for Virtual Copying" was duly and legally issued by the United States Patent and Trademark Office, identifying Laurence C. Klein as the inventor. A true and correct copy of the '410 Patent is attached as Exhibit A-2 to this Complaint.

20.     On August 3, 2004, United States Patent No. 6,771,381 ("the '381 Patent") entitled "Distributed Computer Architecture and Process for Virtual Copying" was duly and legally issued by the United States Patent and Trademark Office, identifying Laurence C. Klein as the inventor. A true and correct copy of the '381 Patent is attached as Exhibit A-3 to this Complaint.

21.     On February 6, 2001, United States Patent No. 6,185,590 ("the '590 Patent") entitled "Process and Architecture for Use on Stand-Alone Machine and in Distributed Computer Architecture for Client Server and/or Intranet and/or Internet Operating Environments for Migrating a Program Specific Application Programmer Interface (API) From an Original State into a Generic Interface by Building an Object" was duly and legally issued by the United States Patent and Trademark Office, identifying Laurence C. Klein as the inventor. A true and correct copy of the '590 Patent is attached as Exhibit A-4 to this Complaint.

22.     On July 16, 2013, United States Patent No. 8,488,173 ("the '173 Patent") entitled "Distributed Computer Architecture and Process for Document Management" was duly and legally issued by the United States Patent and Trademark Office, identifying Laurence C. Klein as the inventor. A true and correct copy of the '173 Patent is attached as Exhibit A-5 to this Complaint.


gravel &
    shea  ATTORNEYS AT LAW
'6 St. Paul Street
²ost Office Box 369
Burlington, Vermont 05402-0369
. PROFESSIONAL CORPORATION

- 6 -

23.     The '426 Patent, '410 Patent, '381 Patent, '590 Patent and the '173 Patent are collectively referred to herein as "the Klein Patents."

24.     Plaintiff MPHJ, is the assignee and owner of the Klein Patents, and together with its exclusive licensees, has the right to assert causes of action arising under said patents and the right to any remedies for infringement thereof, and to license any and all of the Klein Patents, and to send notice and enforcement-related correspondence to third parties regarding the same, and to enjoy and exercise all rights and privileges pertaining to an owner of a U.S. patent under Title 35 of the U.S. Code and the laws and Constitution of the United States.

25.     The '426 Patent was examined by the U.S. Patent and Trademark Office ("Patent Office") before issuance, and by law is presumed valid until a determination by lawful authority to the contrary.

26.     The '410 Patent was examined by the Patent Office before issuance, and by law is presumed valid until a determination by lawful authority to the contrary.

27.     The '381 Patent was examined by the Patent Office before issuance, and by law is presumed valid until a determination by lawful authority to the contrary.

28.     The '590 Patent was examined by the Patent Office before issuance, and by law is presumed valid until a determination by lawful authority to the contrary.

29.     The '173 Patent was examined by the Patent Office before issuance, and by law is presumed valid until a determination by lawful authority to the contrary.

**Likely Infringement of the Relevant Patents**

30.     The claims of the Klein Patents generally cover an entire networked system having certain components and features.

31.     The Klein Patents relate to networked scanning systems having certain specific claim attributes related to the scanning and transmission of images.



gravel &
shea  ATTORNEYS AT LAW

- 7 -

76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

32.     At least some commonly used networked scanning systems would employ a Local Area Network (or "LAN"), and have connected thereto components in communication with the LAN, including a scanner, and computers running email or other application software, and a memory storing interface protocols, and a processor for processing such protocols, where the system permits a document to be scanned and transmitted via the LAN directly as an attachment into the email or application software.

33.     With the exception of an IT provider who provides an entire networked system to a customer, in general no individual manufacturer of a scanner, or a server, or any employee computer, or any application software, has liability for direct infringement of any claim of the Klein Patents.

34.     Only the businesses that have sold, assembled or used the entire claimed networked scanning system could directly infringe a claim of a Klein Patent.

35.     Certain companies can be identified as being likely to have at least one networked scanning system that would satisfy at least one claim of the Klein Patents. Such companies are referred to herein as "Likely Infringers."

36.     Because a Likely Infringer's networked scanner system typically is internal to the business, public proof of infringement is not ordinarily available.

37.     Unless a Likely Infringer has made public the relevant details of its networked scanner system(s), proof of infringement by any particular company is not available from public sources. Such a Likely Infringer is referred to herein as a Likely Private Infringer.

38.     There are at least some Likely Private Infringers in Vermont.

**Relevant Patent Rights and Obligations With Respect to Likely Private Infringers**

39.     Where a patent owner, and any relevant exclusive licensee, has reasonably concluded that a third party infringes, it may bring suit in federal district court for patent



76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

infringement provided it satisfies the requirements of the Patent Laws, and the Federal Rules of Civil Procedure, including Rule 11.

40.     To bring suit for infringement against an infringer, the Federal Rules of Civil Procedure require, as a predicate, that an adequate pre-suit investigation be conducted to confirm the infringement.

41.     Where a Likely Private Infringer's infringing product or process cannot be definitively ascertained from publicly available sources, a patent owner, and any relevant exclusive licensee, may satisfy its pre-suit investigation obligation under Rule 11 by communicating to the Likely Private Infringer an inquiry regarding the suspected infringement.

42.     A Rule 11 inquiry, such as described in the prior paragraph, may, by law, require asking the Likely Private Infringer whether it denies any infringement, and in the event of such denial, may seek such support for such denial as may be reasonably required for confirmation.

43.     In the event a Likely Private Infringer refuses to respond to an inquiry as described in the prior paragraph, filing suit for infringement would not then violate Rule 11.

44.     A patent owner may provide one or more entities exclusive licenses defined by subject matter and/or geographic fields.

45.     A patent owner may provide one or more entities exclusive licenses defined by a specific potential sublicensee.

## Notice, License, And Pre-Suit Inquiry Letters of MPHJ

46.     Consistent with the rights set forth above, respective exclusive licensees of MPHJ sent correspondence to certain of these Likely Private Infringers beginning in the Fall of 2012.

47.     The correspondence referenced in the preceding paragraph included at least a First Letter from a relevant exclusive licensee to a Likely Private Infringer in Vermont. An example of one such First Letter is attached hereto as Exhibit B-1.


gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 9 -

48.     At least some of the recipients of this First Letter did not provide any response, and at the request of the relevant exclusive licensee, counsel for that licensee sent a Second Letter. An example of one such Second Letter is attached hereto as Exhibit B-2.

49.     At least some of the recipients of the Second Letter did not provide a response, and at the request of the relevant exclusive licensee, counsel for that licensee sent a Third Letter. An example of one such Third Letter is attached hereto as Exhibit B-3.

50.     At least some of the Third Letters such as represented by Exhibit B-3 included as an attachment a draft complaint for patent infringement, and the example of such a complaint represented by the Exhibit B-3, shall be referenced herein as Exhibit B-3(A).

**Actions Of The AG Defendants**

51.     On or about January 2013, the AG Defendants, or persons under their authority and control, served a Civil Investigative Demand on MPHJ.

52.     The Civil Investigative Demand requested certain information regarding the sending of First, Second and Third Letters, as identified above, to businesses in Vermont whom MPHJ believed were Likely Private Infringers.

53.     Representatives of MPHJ met telephonically on several occasions with the AG Defendants or persons under their authority and control.

54.     As part of those telephonic meetings, representatives of MPHJ explained that patent owners, including MPHJ, are entitled to protection under the First Amendment "Right to Petition" clause in connection with the sending of patent inquiry or enforcement correspondence.

55.     As part of that explanation, representatives of MPHJ explained to the AG Defendants or persons operating under their authority or control that state law, such as unfair competition and deceptive trade practices law, was barred from assertion against patent



enforcement activity in the absence of proof that such conduct was both objectively baseless as well as subjectively baseless.

56.     Further, as part of that explanation, representatives of MPHJ explained to the AG Defendants or persons operating under their authority or control that MPHJ's patent enforcement activity was not objectively baseless.

57.     Further, as part of that explanation, representatives of MPHJ explained to the AG Defendants or persons operating under their authority or control that MPHJ's patent enforcement activity was not subjectively baseless.

58.     MPHJ reasonably complied with the Civil Investigative Demand by providing documents and written responses to the AG Defendants on or about February 2013.

59.     On or about May 8, 2013, the AG Defendants, including persons operating under their authority and control, filed a Complaint (the "Original Complaint") under the Vermont Consumer Protection Act against MPHJ in Vermont Superior Court.  The Original Complaint was served on MPHJ on or about May 22, 2013.

60.     MPHJ removed the Original Complaint to this Court on or about June 7, 2013.

61.     On or about April 14, 2014, this Court remanded the Original Complaint back to the Vermont Superior Court.

62.     In this Court's Order remanding the case, the Court expressly found that MPHJ's patent enforcement activity, which is the subject of the threats, allegations, and suit by the AG Defendants, is constitutionally protected under the First Amendment, and the Vermont Consumer Protection Act is preempted, unless the AG Defendants plead and prove "bad faith" as that term is used in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367 (Fed. Cir. 2004).


gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 11 -

63.     Under *Globetrotter*, the term "bad faith" has a special and unique meaning, which requires proof that the conduct alleged to be in "bad faith" must first be proven to be "objectively baseless" and then also be proven to be "subjectively baseless." *Globetrotter*, 362 F.3d at 1376.

64.     On or about August 11, 2014, the U.S. Court of Appeals for the Federal Circuit denied MPHJ's appeal of this Court's April 2014 remand order, and certain collateral matters.

65.     On August 28, 2014, the Vermont Superior Court granted the AG Defendants leave to file an amended complaint (the "First Amended Complaint") (Exhibit C).

66.     The First Amended Complaint filed by the AG Defendants asserts that MPHJ's sending of the First, Second and Third Letters violated the VCPA. The basis for the allegations is set forth in the First Amended Complaint, which is attached hereto as Exhibit C and incorporated herein by reference.

67.     The First Amended Complaint does not allege that MPHJ's accused conduct was "objectively baseless."

68.     The AG Defendants intend to pursue the claims set forth in the First Amended Complaint related to alleged violation of the VCPA without pleading or proving objective baselessness.

69.     The AG Defendants have made it clear that they do not believe that to prove a violation of the VCPA based upon the allegations in the First Amended Complaint that they either need to plead, or prove, that MPHJ's accused conduct was objectively baseless.

70.     The AG Defendants have made their belief set forth in the preceding paragraph clear in previous representations to this Court, and to the U.S. Court of Appeals for the Federal Circuit.



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

71.     None of the allegations made in the First Amended Complaint related to acts alleged to constitute violations of the VCPA are legally relevant or have any legal bearing on the question of whether MPHJ's conduct was objectively baseless.

72.     On September 2, 2014, the U.S. District Court for the District of Nebraska issued a summary judgment in favor of MPHJ, which in part included the finding and judgment that none of the allegations made by the AG Defendants in this case, as set forth in the Original Complaint, are legally sufficient to plead or prove "objective baselessness." *See Activision TV, Inc. and MPHJ Technology Investments, LLC v. Bruning*, No. 13-cv-00215, slip op. at 4-7 (D. Neb. Sept. 2, 2014).

73.     The actions of MPHJ in sending communications related to enforcing its patents were not objectively baseless.

74.     The actions of MPHJ in sending communications related to enforcing its patents were not objectively baseless to the extent that a reasonable person would have believed at the time of the accused communications that there was a reasonable chance of prevailing on the issue of validity.

75.     The actions of MPHJ in sending communications related to enforcing its patents were not objectively baseless to the extent that a reasonable person would have believed at the time of the accused communications that there was a reasonable chance of prevailing on the issue of infringement.

76.     The First Amended Complaint did not allege that any claim of the Klein Patents was invalid.

77.     The First Amended Complaint did not allege that, objectively, a reasonable person could not believe that the patents were not invalid.


gravel &
shea  | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

78.     The First Amended Complaint did not allege that, subjectively, MPHJ could not believe that the patents were not invalid.

79.     At the time of the patent enforcement communications by MPHJ that are the subject of the First Amended Complaint, it was not objectively baseless for a reasonable person to believe that at least one claim of the '426 Patent, '410 Patent, '381 Patent, '590 Patent, or the '173 Patent was not invalid under Title 35 of the U.S. Code.

80.     At least one claim of the '426 Patent, '410 Patent, '381 Patent, '590 Patent, or the '173 Patent is not invalid under Title 35 of the U.S. Code.

81.     The First Amended Complaint did not allege that, objectively, a reasonable person could not believe that the patents were infringed by a Vermont Likely Private Infringer.

82.     The First Amended Complaint did not allege that, subjectively, MPHJ could not believe that the patents were infringed by a Vermont Likely Private Infringer.

83.     The First Amended Complaint did not allege that, objectively, a reasonable person could not reasonably suspect infringement by a Vermont Likely Private Infringer.

84.     The First Amended Complaint did not allege that, subjectively, MPHJ could not reasonably suspect infringement by a Vermont Likely Private Infringer.

85.     On information and belief, at least one of the claims of the '426 Patent, '410 Patent, '381 Patent, '590 Patent, or the '173 Patent, is infringed by at least one or more of the businesses in Vermont who received patent enforcement correspondence from MPHJ that is the subject of the First Amended Complaint.

86.     On information and belief, at least one of the claims of the '426 Patent, '410 Patent, '381 Patent, '590 Patent, or the '173 Patent, is infringed by at least one or more of the



gravel &
shea    ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

businesses in Vermont who received patent enforcement correspondence from MPHJ that is the subject of the First Amended Complaint.

87.     The AG Defendants, prior to filing the First Amended Complaint, and now, have not obtained any information that would support a conclusion that MPHJ's patent enforcement activity was "objectively baseless."

88.     The AG Defendants, prior to filing the First Amended Complaint, and now, have not obtained any information that would support a conclusion that MPHJ's patent enforcement activity was "subjectively baseless."

89.     On information and belief, the AG Defendants, prior to filing the First Amended Complaint, had neither obtained nor reviewed the prosecution history file of any of the Klein Patents.

90.     On information and belief, the AG Defendants, prior to filing the First Amended Complaint, had neither obtained nor reviewed any prior art relevant to the Klein Patents.

91.     On information and belief, the AG Defendants, prior to filing the First Amended Complaint, had not conducted a review or investigation necessary under the law to properly construe any claims of the Klein Patents.

92.     On information and belief, prior to filing the First Amended Complaint, the AG Defendants conducted no reasonable investigation to determine whether, and have no lawful basis to contend, the Klein Patents are invalid, or whether it was objectively baseless or subjectively baseless to presume them to be valid.

93.     On information and belief, the AG Defendants conducted no reasonable investigation to determine whether, and have no lawful basis to contend, at least some claims of the Klein Patents may be infringed by at least some companies to whom MPHJ's exclusive



gravel &
shea    ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 15 -

licensees or their counsel sent letters, or that any such belief that such companies likely infringe was objectively baseless or subjectively baseless.

94.     The VCPA is unconstitutional, and barred or preempted under the First and Fourteenth Amendments, and Title 35 of the U.S. Code and the Supremacy Clause of the U.S. Constitution, as applied by the AG Defendants in the First Amended Complaint.

95.     As part of its requested relief, the First Amended Complaint seeks: "A permanent injunction prohibiting Defendant from engaging in any business activity in, into or from Vermont that violated Vermont law."

96.     Between the time of the filing of the Original Complaint, and the grant by the Vermont Superior Court for leave to file the First Amended Complaint, the State of Vermont enacted the Vermont Bad Faith Assertions of Patent Infringement Act, 9 V.S.A. §§ 4195-4199.

97.     Among the Vermont laws for which the First Amended Complaint seeks an injunction requiring MPHJ's compliance is the Vermont Patent Assertions Act.

98.     The Vermont Patent Assertions Act (Title 9, Chap. 120 of the V.S.A.) is invalid or preempted on its face under the First and Fourteenth Amendments, Title 35 of the U.S. Code and the Supremacy Clause of the U.S. Constitution, for reasons, *including but not limited to* the following:

> (a)     the Act (§ 4195) admits on its face that it is intended to regulate the content of patent infringement assertions, stating "it is necessary that [Vermont companies] receive specific information regarding how [they] may have infringed the patent at issue";
>
> (b)     the Act (§ 4196) admits on its face that it is intended "to facilitate the efficient and prompt resolution of patent infringement claims" and is



gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

intended to have the State, by virtue of this Act, distinguish between "legitimate" and "illegitimate" patent enforcement actions;

(c)    the Act (§§ 4196-4197) provides benefits to Vermont citizens who are "targets" of patent assertions differently than citizens of other States;

(d)    the Act (§ 4197) requires inclusion of information, such as analysis of a target's products, that may not be possible, such as in the situation of Likely Private Infringers, and thereby impairs the ability to enforce at least some types of U.S. patents, and the rights of the owners of such U.S. patents, in a manner that interferes with the U.S. patent law;

(e)    the Act (§ 4197) refers to "bad faith" but permits a violation of the Act to be found, and penalties and injunctive relief imposed, without requiring proof of objective and subjective baselessness;

(f)    the Act (§ 4197) specifically cites being "meritless" as to infringement as only one factor to consider in finding a violation of the Act, and thus by its terms permits finding a violation of the Act without a finding of baselessness as to infringement, or validity;

(g)    the Act (§ 4197) expressly permits a sender of a patent assertion to be found liable for sending the communication after litigation on the merits of the infringement claim, thereby expressly chilling the exercise of the right to petition in the First and Fourteenth Amendments;

(h)    the Act (§ 4197) puts a defendant at greater risk of being found in violation of the Act if the defendant does not provide defendants "analysis" of an infringement assertion, and thereby put defendant at risk



gravel &
shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

of choosing between protecting material protected under attorney-client privilege or the work product doctrine, and instead enhanced liability, or risk of liability, under the Act;

(i)     the Act (§ 4197) expressly discriminates among different classes of patent owners in a manner not recognized or permitted under Title 35 of the U.S. Code, inclusive of 35 U.S.C. § 261, and under the First and Fourteenth Amendments of the U.S. Constitution, including, for example, by expressly favoring patent owners who have made investment in use of the patent or who are the inventor, or a university (§ 4197(c)(4 & 5));

(j)     the Act (§ 4198) subjects the patent owner to the risk of posting a bond at the beginning of litigation under the Act, thereby substantially chilling the exercise of the First Amendment right to send patent assertion communications;

(k)     the Act (§ 4199) subjects the patent owners to substantial damages, penalties and injunctive relief, thereby substantially chilling the exercise of the First Amendment right to send patent assertion communications;

(l)     the Act (§§ 4195-4199) is unconstitutionally vague, and affords too much discretion to the state court, such that it fails to reasonably put a patent owner on notice of what conduct might be considered to violate the Act.

99.     The allegations and actions taken by the AG Defendants, including filing the First Amended Complaint, alleging violations of the VCPA and seeking a court order requiring MPHJ's compliance with the Vermont Patent Assertions Act, has served to chill MPHJ's exercise of its First Amendment Rights, particularly under the "Right to Petition" clause, and to


gravel &
  shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 18 -

deprive MPHJ of rights, privileges and immunities under the U.S. Constitution and laws of the United States, including Title 35 of the U.S. Code.  This chilling effect and deprivation of rights includes, but it not limited to, impairment of MPHJ's rights to:

(a)     send patent-related letters to actual or potential infringers operating in the state of Vermont without fear of suit by the AG Defendants or liability under the VCPA or the Vermont Patent Assertions Act;

(b)     enter into licensing discussions with parties infringing the Klein Patents without having such parties discount the value of the Klein Patents by virtue of allegations that the assertion of the patent rights may be limited by alleged violations of Vermont state law;

(c)     send patent-related letters to actual or potential infringers operating in the state of Vermont without fear of being subjected to the penalties requested by the AG Defendants in the First Amended Complaint under the VCPA, which is up to $10,000 per occurrence;

(d)     send patent-related letters to actual or potential infringers operating in the state of Vermont without fear of being subjected to an injunction ordering compliance with the Vermont Patent Assertions Act, which treats MPHJ differently than other patent owners, subjects MPHJ to potential fines of and penalties as set forth in 9 V.S.A. §4199, and potential bond to the plaintiff asserting the action to cover the plaintiff's legal fees under 9 V.S.A. § 4198.

100.    A patent is a time-limited asset.

gravel &
shea    ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 19 -

101.    The filing of the AG Defendants of the Original Complaint and the First Amended Complaint impairs the enforcement of the Klein Patents for at least some time and to some degree, and thus represents an unlawful and unconstitutional taking under the Fifth and Fourteenth Amendments.

102.    A justiciable and immediate controversy exists with respect to whether MPHJ's sending of the patent enforcement letters identified herein to companies in Vermont violates Vermont state law inclusive of the limitations on those laws by virtue of the U.S. Constitution and the U.S. Code.

103.    The filing of the First Amended Complaint comprises an unlawful act which impermissibly chills MPHJ's exercise of its First Amendment rights, and constitutes unlawful deprivations of MPHJ's rights under the U.S. Constitution and the laws of the United States.

104.    One of more of the AG Defendants have confirmed publicly that they intend to assert Vermont law against patent owners in similar circumstances to MPHJ, where they do not intend to assert such claims against similarly situated patent owners of other types, such as universities, inventors, or companies engaged in practicing the patents.

105.    On information and belief, the First Amendment Complaint was filed, at least in part, as an unlawful and unconstitutional retaliation for MPHJ's having exercised its First Amendment rights.

COUNT I
Declaratory Judgment That the Vermont Bad Faith Assertions
of Patent Infringement Act (9 V.S.A. §§ 4195-4199) is Invalid or Preempted

106.    Plaintiff MPHJ repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.


gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 20 -

107.     The Vermont Bad Faith Assertions of Patent Infringement Act permits state liability to attach to patent owners, including injunctive and monetary liability, without a requirement that the plaintiff prove that the conduct at issue was both objectively baseless and subjectively baseless.

108.     As a result, the Vermont Bad Faith Assertions of Patent Infringement Act is invalid or preempted on its face, and as applied, at least under the First and Fourteenth Amendments.

109.     Further, the Vermont Bad Faith Assertions of Patent Infringement Act is invalid or preempted on its face, and as applied, by virtue of Title 35 U.S. Code.

110.     The Vermont Bad Faith Assertions of Patent Infringement Act expressly provides that owners of U.S. patents are to be treated differently under the statute with respect to the rights to enforce their patents on the basis of whether they are a university, an inventor, a non-practicing entity or other considerations, all distinctions in patent ownership that are not recognized by, and are inconsistent with, the provisions of Title 35 of the U.S. Code, including but not limited to 35 U.S.C. § 261.

111.     The Vermont Bad Faith Assertions of Patent Infringement Act impermissibly grants patent infringers in Vermont certain rights and immunities not available to the citizens of other States.

112.     The Vermont Bad Faith Assertions of Patent Infringement Act violates the Equal Protection clause of the Fourteenth Amendment.

113.     The Vermont Bad Faith Assertions of Patent Infringement Act is invalid or preempted on its face under the First, Fifth and Fourteenth Amendments, and the Supremacy and Patent Clauses of the U.S. Constitution, and Title 35 of the U.S. Code.



gravel &
    shea |ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

114.    The Vermont Bad Faith Assertions of Patent Infringement Act is invalid or preempted as applied under the First, Fifth and Fourteenth Amendments, and the Supremacy and Patent Clauses of the U.S. Constitution, and Title 35 of the U.S. Code.

## COUNT II
### Declaratory Judgment That the Vermont
### Consumer Protection Act is Invalid or Preempted as Applied

115.    Plaintiff MPHJ repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

116.    The AG Defendants have and currently assert that the Vermont Consumer Protection Act may be applied against correspondence related to patent enforcement without pleading or proof that such conduct is objectively baseless and subjectively baseless.

117.    As a result, the Vermont Consumer Protection Act is invalid or preempted as applied under the First, Fifth and Fourteenth Amendments, and the Supremacy and Patent Clauses of the U.S. Constitution, and Title 35 of the U.S. Code.

118.    The First Amended Complaint filed by the AG Defendants contains a number of allegations of violations of the Vermont Consumer Protection Act that all are based upon the sending of letters related to patent enforcement by MPHJ or the MPHJ Subsidiaries to certain businesses in Vermont.

119.    No allegation contained in the First Amended Complaint relates to, pleads, or if proven would demonstrate, objective baselessness.

## COUNT III
### Declaratory Judgment That MPHJ Did Not
### Violate the Vermont Consumer Protection Act

120.    Plaintiff MPHJ repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 22 -

121.     The First Amended Complaint filed by the AG Defendants contains a number of allegations of violations of the Vermont Consumer Protection Act that all are based upon the sending of letters related to patent enforcement by MPHJ or the MPHJ Subsidiaries to certain businesses in Vermont.

122.     No state law may be asserted against a patent owner for the sending of patent enforcement correspondence unless it is first pled and proven that the conduct is objectively baseless as well as subjectively baseless.

123.     No allegation contained in the First Amended Complaint relates to, pleads, or if proven, would demonstrate objective baselessness.

124.     It was not objectively baseless for MPHJ, in sending its patent enforcement correspondence to companies in Vermont, to believe at least one claim of MPHJ's patents were not invalid.

125.     It was not objectively baseless for MPHJ, in sending its patent enforcement correspondence to companies in Vermont, to suspect such companies of infringing at least one claim of MPHJ's patents.

126.     As a result, MPHJ, in the sending of its patent enforcement correspondence as described herein, cannot be found to have violated the Vermont Consumer Protection Act, on grounds established by the First, Fifth and Fourteenth Amendments, and the Supremacy and Patent Clauses of the U.S. Constitution, and Title 35 of the U.S. Code.

COUNT IV
Claim For Relief Under 42 U.S.C. § 1983 & 1988

127.     Plaintiff MPHJ repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.



gravel &
shea    ATTORNEYS AT LAW

76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 23 -

128.    Prior to filing the First Amended Complaint, the AG Defendants knew that the suit, and the allegations it contains, was barred or preempted under the U.S. Constitution and/or Title 35 of the U.S. Code in the absence of pleading and proof that the accused conduct was both objectively baseless and subjectively baseless.

129.    The AG Defendants filed the Original Complaint, and the First Amended Complaint, in retaliation for MPHJ's exercise of its First Amendment rights.

130.    The patent enforcement communications in which MPHJ engaged are disfavored by the AG Defendants.

131.    MPHJ is a type of patent owner, one who does not manufacture or sell products covered by its patents, that is disfavored by the AG Defendants and the State of Vermont.

132.    The filing of the AG Defendants' Original Complaint, and the First Amended Complaint, reasonably served to "chill" MPHJ's exercise of its First Amendment rights.

133.    The filing of the Original Complaint by the AG Defendants was done under the color of one or more Vermont statutes.

134.    The filing by the AG Defendants of the Original Complaint subjected MPHJ to the deprivation of rights or privileges secured by the U.S. Constitution and laws of the United States, including those in Title 35 of the U.S. Code.

135.    The filing of the First Amended Complaint by the AG Defendants was done under the color of one or more Vermont statutes.

136.    The filing by the AG Defendants of the First Amended Complaint subjected MPHJ to the deprivation of rights or privileges secured by the U.S. Constitution and laws of the United States, including those in Title 35 of the U.S. Code.



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

137.    The conduct of the AG Defendants, inclusive of the filing of the Original

Complaint, and the First Amended Complaint, have caused MPHJ to necessarily incur attorneys'

fees and costs.

138.    The attorneys' fees and costs incurred by MPHJ are recompensable to MPHJ

under the law.

<u>Claims for Relief</u>

WHEREFORE, Plaintiff MPHJ respectfully demands judgment for itself and against

Defendants as follows:

<u>Claims for Relief – COUNT I</u>

A.      A declaration that the Vermont Bad Faith Patent Infringement Assertions Act is

invalid or preempted on its face and as applied under the First, Fifth, and Fourteenth

Amendments, and Article VI, Clause 2 ("the Supremacy Clause"), and Article I, Section 8,

Clause 8 ("the Patent Clause") of the U.S. Constitution, and Title 35, U.S. Code.

B.      Such preliminary and permanent injunctive relief as Plaintiff may show itself to

be entitled.

C.      Such other and further relief at law or in equity as the Court deems just and

proper.

<u>Claims for Relief – COUNT II</u>

A.      A declaration that the Vermont Consumer Protection Act, as applied by the AG

Defendants, is invalid or preempted under the First, Fifth, and Fourteenth Amendments, and

Article VI, Clause 2 ("the Supremacy Clause"), and Article I, Section 8, Clause 8 ("the Patent

Clause") of the U.S. Constitution, and Title 35, U.S. Code.



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

B.      Such preliminary and injunction relief to which Plaintiff may show itself to be entitled.

C.      Such other and further relief at law or in equity as the Court deems just and proper.

Claims for Relief – COUNT III

A.      A declaration that neither Plaintiff MPHJ nor its exclusive licensees, by engaging in any activity accused by the AG Defendants in the First Amended Complaint, have engaged in any activity that would qualify as "objectively baseless" conduct.

B.      Such preliminary and injunction relief to which Plaintiff may show itself to be entitled.

C.      Such other and further relief at law or in equity as the Court deems just and proper.

Claims for Relief – COUNT IV

A.      An order enjoining Defendants Sorrell and Asay, and any of their authorized agents or representatives in their official capacity, from further prosecuting the First Amended Complaint in Vermont Superior Court with respect to any of the conduct accused by the First Amended Complaint.

B.      An award of fees and costs, and such other monetary relief, as MPHJ may show itself to be entitled under 42 U.S.C. § 1988, and other relevant statutes.

C.      Such preliminary and permanent injunctive relief as Plaintiff may show itself to be entitled.



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402–0369
A PROFESSIONAL CORPORATION

D.      Such other and further relief at law or in equity as the Court deems just and

proper.

Dated:      Burlington, Vermont
                September 8, 2014

Andrew D. Manitsky, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
amanitsky@gravelshea.com

and

W. Bryan Farney, Esq.
Farney Daniels PC
800 South Austin Avenue, Ste. 200
Georgetown, Texas 78626
(512) 582-2828
bfarney@farneydaniels.com
(*pro hac vice* admission pending)

For Plaintiff

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 27 -