UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| MPHJ TECHNOLOGY INVESTMENTS, LLC, inclusive of its subsidiaries, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 2:14-cv-191 |
| WILLIAM H. SORRELL, in his official capacity as Attorney General of the State of Vermont | ) ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR CLARIFICATION AND RECONSIDERATION

STATE OF VERMONT

WILLIAM H. SORRELL
ATTORNEY GENERAL

By: */s/ Naomi Sheffield*
Naomi Sheffield
Bridget C. Asay
Assistant Attorneys General
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Tel. (802) 828-6906
naomi.sheffield@state.vt.us
bridget.asay@state.vt.us

**Table of Contents**

Page

INTRODUCTION ................................................................................................................ 1

MEMORANDUM OF LAW

ARGUMENT ....................................................................................................................... 1

    I.    Confirmation and clarification of claims dismissed
        by the Court ......................................................................................................... 1

    II.   Reconsideration of dismissal of BFAPIA claim .......................................... 5

    III.  Reconsideration of Counts I-E, I-F, and II-E ............................................. 9

        a.  Count I-E – Declaratory judgment of validity
           and infringement ................................................................................ 9

        b.  Counts I-F and II-E – Attorneys' Fees incurred by MPHJ
           in the State Action ............................................................................ 10

CONCLUSION ................................................................................................................... 11

## INTRODUCTION

Defendant William H. Sorrell respectfully requests that the Court (1) clarify and confirm that certain of MPHJ's claims have been dismissed pursuant to the Court's June 3, 2015 Opinion and Order (Doc. 42); and (2) reconsider its denial of Defendant's motion to dismiss with regard to certain claims.

## MEMORANDUM OF LAW

## ARGUMENT

### I. Confirmation and clarification of claims dismissed by the Court

As Defendant prepares to answer MPHJ's complaint and evaluate potential affirmative defenses or counterclaims, Defendant respectfully requests that this Court confirm the claims that have been dismissed. Specifically, Defendant asks the Court to address the following areas of potential uncertainty with respect to Counts I and II.

First, with respect to Count I, Defendant asks the Court to confirm that only part of Count I-A remains, or, in the alternative (*see infra* Section III) to reconsider and address Defendant's arguments regarding Counts I-E and I-F.  Count I is partly concerned with MPHJ's alleged desire to send future enforcement letters but also has allegations directed at the State's enforcement action. *See, e.g.,* Doc. 18, ¶¶ 163-184.  The following chart summarizes the claims in Count I:

|      | **Count I Claims**                                                                                                                                                                                                                          |
| ---- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| I-A  | Declaratory judgment that BFAPIA is invalid or preempted                                                                                                                                                                                    |
| I-B  | Declaratory judgment that VCPA is invalid or preempted as applied                                                                                                                                                                           |
| I-C  | Declaratory judgment that the Vermont long arm statute is invalid as applied                                                                                                                                                                |
| I-D  | Declaratory judgment that BFAPIA and VCPA as applied are invalid under the Dormant Commerce Clause                                                                                                                                          |
| I-E  | Declaratory judgment regarding the validity of MPHJ's patents, likelihood of infringement by some Vermont businesses, and objective and subjective baselessness                                                                             |
| I-F  | Injunctive relief against enforcement of VCPA and BFAPIA based on allegation of selective prosecution and claim that filing of State Action was "unconstitutional"; seeks award of fees and costs and "other monetary relief" under 42 U.S.C. §§ 1983 & 1988 |

The Court dismissed Counts I-B (directed at the VCPA), I-C (long-arm statute), and I-D (dormant Commerce Clause) on the basis of abstention or failure to state a claim. Doc. 42, at 13, 25, 28. The Court dismissed Count I-A with respect to the Dormant Commerce Clause claim but did not otherwise dismiss MPHJ's prospective challenge to the BFAPIA. Defendant seeks clarification regarding Counts I-E and I-F.  In Defendant's view, the Court's reasoning indicates that these counts be dismissed entirely. Count I-E seeks a declaratory judgment regarding objective and subjective baselessness, which is MPHJ's stated defense to the State Action. *See* Docket No. 2:14-cv-00192, Doc. 20, at 12-13. The allegations supporting Count I-F include the claim of selective prosecution (Doc. 18, at ¶ 170), which was

dismissed (Doc. 42, at 26), and are virtually all directed at Defendant's filing of the State Action. *See, e.g.*, Doc. 18, at ¶¶ 163 ("prior to filing the First Amended Complaint, Defendant Sorrell knew that the suit, and the allegations it contains, was barred or preempted"); 165 ("Defendant Sorrell filed the Original Complaint, and the First Amended Complaint, in retaliation for MPHJ's exercise of its First Amendment rights."); 168-70 (Sorrell's filing of First Amended Complaint was "blatantly unconstitutional," "harassment," and "unlawful selective prosecution"); 171-83 (generally alleging that Sorrell's filing of complaints in state court "in connection with MPHJ's sending of its previous letters" and refusal to "enter into any agreement" settling that matter was unconstitutional). Although Count I-F seeks relief directed at both the VCPA and the BFAPIA, it does so only based on allegations that the State's enforcement action seeks relief under the BFAPIA, (Doc. 18, at ¶ 182), which this Court has concluded is not the case. Doc. 42, at 8.

Because Counts I-E and I-F relate directly to the State's efforts to enforce the Consumer Protection Act, Defendant understands the Court to have dismissed those counts based on abstention, and asks the Court to so clarify. However, if the Court did not intend to dismiss Counts I-E and I-F in their entirety, Defendant requests reconsideration. *See infra* Section III.

Turning to Count II, these claims are all directed at the State's enforcement of the Consumer Protection Act, and therefore Defendant understands this Court's order to have abstained or dismissed each claim. *See* Doc. 18, at 36 (describing Count II as "Related to Unconstitutionality of Enforcing The VCPA Against MPHJ's

3

Prior Letters and Seeking Enforced Compliance with [BFAPIA] as a Remedy"). However, Defendant seeks confirmation of the dismissal of Counts II-A and II-E, and to the extent these claims were not dismissed respectfully requests reconsideration. The claims in Count II are:

|      | **Count II Claims** |
|------|---------------------|
| II-A | Declaratory judgment that BFAPIA is invalid or preempted and that suit to enforce MPHJ's compliance with that act is unlawful, based on allegation regarding "Sorrell's efforts in his suit regarding MPHJ's prior letters forcing MPHJ to comply with" BFAPIA |
| II-B | Declaratory judgment that VCPA is invalid or preempted as applied |
| II-C | Declaratory judgment that MPHJ did not violate the VCPA |
| II-D | Declaratory judgment that MPHJ's sending of its prior letters was neither objectively baseless nor subjectively baseless |
| II-E | Injunction against enforcement of VCPA and BFAPIA against prior letters, allegation of selective prosecution, and award of fees and costs in State Action under 42 U.S.C. §§ 1983 & 1988 |

This Court dismissed Counts II-B, II-C, and II-D, because those claims relate directly to the Vermont Consumer Protection Act and Defendant's enforcement thereof. Doc. 42, at 13, 28. Count II-A is nominally addressed to the BFAPIA but is expressly directed at the State Action (Doc. 18, at ¶ 189), and this Court has recognized that the BFAPIA is not part of the State Action. Doc. 42, at 8. The allegations that support Count II-E, like the allegations discussed above that support Count I-F, are directed at the filing of the State Action and include the

dismissed claim of selective prosecution. *See* Doc. 18, at ¶¶ 212-233. The request for relief is only directed at the BFAPIA to the extent the State's enforcement action seeks relief under the BFAPIA (Doc. 18, at 49), which this Court has previously concluded is not the case. Doc. 42, at 8. Because Counts II-A and II-E relate directly to the State's enforcement of the Consumer Protection Act, Defendant understands this Court to have abstained from consideration or dismissed these counts in their entirety,[1] and asks the Court to clarify that all aspects of Count II are dismissed. However, if this was not the case, Defendant requests reconsideration with respect to each count. *See infra* Sections II and III.

## II.     Reconsideration of dismissal of BFAPIA claim

Defendant respectfully requests reconsideration of its motion to dismiss Count I-A in its entirety. This argument applies with equal force to Count II-A, if the Court did not intend to dismiss it. *See supra* Section I.  Reconsideration is appropriate where the Court has overlooked "factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Chet's Shoes, Inc. v. Kastner*, 710 F. Supp. 2d 436, 454 (D. Vt. 2010) (quotation omitted). Additionally, in a motion for reconsideration, "parties may present newly discovered evidence, if it was unavailable at the time the court made its original decision." *Id.* at 454-55. Although motions for reconsideration are generally disfavored, the Court should

---

[1] The Court dismissed the Dormant Commerce Clause claim in Count II-A and the selective prosecution claim in Count II-E. Doc. 42, at 25-26, 28.

consider this motion because there is "data that the court over-looked . . . that might reasonably be expected to alter the conclusion reached by the court." *Vaughan v. Vermont Law School, Inc.*, 2011 WL 1085659, at *1 (D. Vt. Mar. 23, 2011) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

This Court found that MPHJ had standing and its claims regarding application of the BFAPIA to proposed future conduct were ripe because "MPHJ notes that, as with the letters sent prior to passage of the BFAPIA, the proposed letters would be followed by letters from legal counsel threatening further action. Such follow-up letters are not merely hypothetical or conjectural, but would be consistent with MPHJ's past practices." Doc. 42, at 16, *see also id.* at 18 ("MPHJ's practice is to send a series of letters if it receives no response from a potential infringer. MPHJ claims that because the follow-up letters would suggest or explicitly threaten litigation, they arguably violate the BFAPIA."). MPHJ did not allege in its complaint an intent to send follow-up letters threatening litigation. Doc. 18 (only asserting an intent to send the letter in Exhibit F). Rather, the Court relied upon MPHJ's representation in its sur-reply to Defendant's motion to dismiss, that it would send follow-up letters from counsel "identical" to the prior follow-up letters. (Doc. 38-1, at 8).

After MPHJ filed its sur-reply with this Court, MPHJ advised the United States Court of Appeals for the Federal Circuit[2] that "the prior letters which form

---

[2] MPHJ appealed this Court's first and second remand orders in the State Action to the Federal Circuit. The second remand appeal is still pending in that court. The

the basis of this suit are not being sent now, and are not going to be sent in the future until this case is resolved." Attach. 1., Fed. Cir. Docket No. 15-1310, Doc. 31, at 3-4 (filed June 1, 2015). MPHJ made this statement in a filing opposing expedited consideration of MPHJ's appeal of this Court's order remanding the State Action to state court. *See id.* MPHJ has thus disclaimed any concrete or imminent intention to engage in actions consistent with its past practices. Follow-up letters by MPHJ's legal counsel "threatening further action" "consistent with MPHJ's past practices" (Doc. 42, at 16) would constitute "prior letters which form the basis of" the State Action, Fed. Cir. Docket No. 15-1310, Doc. 31, 3-4 – the very letters that MPHJ does not currently intend to send.

      Because MPHJ has disavowed plans to send these letters at least until some unknown point in the future when the State Action is resolved, MPHJ cannot meet its burden of establishing standing and ripeness. Rather, MPHJ "alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n.2 (1992). The indefinite delay in MPHJ's intent to send follow-up letters necessarily makes the content and recipients of the correspondence hypothetical and speculative, and raises a serious concern that the Court would be "deciding a case in which no injury would have occurred at all." *Id.* As the Supreme Court has "repeatedly reiterated . . . threatened injury must be *certainly impending*

---

June 3 Opinion and Order incorrectly stated that the appeal was pending in the Second Circuit. Doc. 42, at 1 n.1.

to constitute injury in fact, and . . . [a]llegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quotations omitted).

MPHJ's filings in the Federal Circuit appeal also warrant reconsideration of this Court's decision not to abstain entirely from considering MPHJ's claims regarding the BFAPIA. In the Opinion and Order, this Court explained that "MPHJ has argued *in the past* that the State Action, as amended, incorporates the BFAPIA," but declined to apply *Younger* abstention because the Court "has previously found that the State Action has nothing to do with the BFAPIA." Doc. 42, at 8 (emphasis added). In the Federal Circuit appeal, however, MPHJ continues to assert that the State Action does implicate the BFAPIA, including in its reply brief filed on June 8—five days after this Court's order. *See, e.g.*, Attach. 2, Fed. Cir. Docket No. 15-1310, Doc. 34, at 25 (filed June 8, 2015) ("[B]y seeking in the Amended Complaint an injunction compelling MPHJ's compliance with state law, the State's Amended Complaint then quite clearly did seek an injunction compelling MPHJ to comply with the BFAPIA."). In light of MPHJ's continued insistence that the BFAPIA is part of the State Action, this Court should abstain from considering its BFAPIA claims in this case. *See also* Doc. 19-1, at 5-6; Doc. 33, at 7-9.[3]

---

[3] While the Court's abstention analysis focused on those claims with a "direct overlap" with the State Action, Doc. 42, at 13, a central concern underlying *Younger* abstention is the "seriousness of federal judicial *interference* with state civil functions." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603 (1975) (emphasis added). Although the State has not asserted the BFAPIA in the State Action, MPHJ takes the position (in all three courts involved in this matter) that relief under the

8

### III. Reconsideration of Counts I-E, I-F, and II-E

Based on the Court's reasoning in its Opinion and Order, Defendant believes the Court has dismissed or abstained from deciding Counts I-E, I-F, and II-E. *See supra* Section I. However, if these Counts remain, Defendant respectfully requests the Court reconsider its decision. There is no justiciable case or controversy between Defendant and MPHJ with respect to Counts I-E and MPHJ's request for relief is not cognizable under the Declaratory Judgments Act. And Counts I-F and II-E, to the extent that they seek compensation for attorneys' fees and costs related to the State Action, are barred by the Eleventh Amendment and Sovereign Immunity.

#### a. Count I-E – Declaratory judgment of validity and infringement

In its motion to dismiss, Defendant sought dismissal of Count I-E because MPHJ seeks an advisory opinion from this Court regarding the validity and infringement of its patents. *See* Doc. 19-1, at 14-16. Defendant also argued that the piecemeal requests for relief in Count I-E are not justiciable requests for declaratory judgments. *See id.* at 14-15 (citing *Calderon v. Ashmus,* 523 U.S. 740 (1998)). In its opinion and order, this Court did not address these arguments. Defendant reasserts the arguments set forth in its previous briefing, Doc. 19-1, at 14-16; Doc. 33, at 16, and asks this Court to dismiss Count I-E for lack of any case or controversy.

---

BFAPIA is in play in the State Action. Its complaint in this case expressly and repeatedly ties its BFAPIA claim to its allegation that Defendant Sorrell seeks an injunction under that law in the State Action. *See, e.g.,* Doc. 18, at ¶¶ 19, 109, 111, 182, 189. Its Federal Circuit filings reiterate these allegations. MPHJ thus seeks relief *intended to interfere* with the State Action.

9

### b. Counts I-F and II-E - Attorneys' Fees incurred by MPHJ in the State Action

In its Amended Complaint, MPHJ seeks fees and costs that it has incurred in the State Action. Specifically, MPHJ states: "The conduct of Defendant Sorrell, inclusive of the filing of the Original Complaint, and the First Amended Complaint, has caused MPHJ to necessarily incur attorneys' fees and costs." And "[t]he attorneys' fees and costs incurred by MPHJ are recompensable to MPHJ under the law." Doc. 18, at ¶¶ 183-184 and 232-33. The request for relief includes fees, costs, and "other monetary relief." *Id.* at 47. It is this portion of MPHJ's request for fees and costs that Defendant Sorrell sought to dismiss, as it is barred by both Section 1983 and sovereign immunity. Doc. 19-1, at 24; Doc. 33, at 22. In denying Defendant Sorrell's motion to dismiss, this Court cited *Missouri v. Jenkins*, 491 U.S. 274 (1989) and *Hutto v. Finney*, 437 U.S. 678 (1978). These cases are distinguishable from MPHJ's request in this case, because they stand for the proposition that "the Eleventh Amendment has no application to an award of attorney's fees, *ancillary to a grant of prospective relief*, against a State." *Jenkins*, 491 U.S. at 284 (emphasis added); *Hutto*, 437 U.S. 678 (finding award of attorneys' fees incurred as part of the Section 1983 case not barred by Eleventh Amendment). The statute governing fee awards under Section 1983, 42 U.S.C. § 1988, does not authorize a retrospective damages award for fees incurred in a different case. And regardless, the State has Eleventh Amendment immunity from paying MPHJ's attorneys' fees in the State Action because with this request MPHJ seeks "damages for [alleged] past injuries,"

which "are firmly foreclosed by the Eleventh Amendment." *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (under Section 1983, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief").

## CONCLUSION

Defendant Sorrell respectfully requests that the Court clarify and confirm dismissal of certain claims and reconsider denial of the motion to dismiss, as explained and for the reasons given above.

## LOCAL RULE 7(A)(7) CERTIFICATION

Consistent with Local Rule 7(a)(7), defendant's counsel contacted plaintiff's counsel to obtain consent to this motion. Plaintiff does not consent.

Dated:  June 12, 2015

        STATE OF VERMONT

        WILLIAM H. SORRELL
        ATTORNEY GENERAL

By:   */s/ Naomi Sheffield*
      Naomi Sheffield
      Bridget C. Asay
      Assistant Attorneys General
      Vermont Attorney General's Office
      109 State Street
      Montpelier, VT 05609
      Tel. (802) 828-6906
      naomi.sheffield@state.us
      bridget.asay@state.vt.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2015, I electronically filed Defendant's Motion for Clarification and Reconsideration with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Cassandra L. Klingman, Esq., Andrew D. Manitsky, Esq., and W. Bryan Farney, Esq.

Dated: June 12, 2015

        STATE OF VERMONT
        WILLIAM H. SORRELL
        ATTORNEY GENERAL


        By: */s/ Bridget Asay*
        Bridget Asay
        Assistant Attorney General
        Vermont Attorney General's Office
        109 State Street
        Montpelier, VT 05609
        Tel. (802) 828-3181
        bridget.asay@state.vt.us